IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GREEN OAK HEDGE FUND, LTD., d/b/a GREEN OAK TRADING COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>RICK HOPKINSON, E-CENTURION, INC., PACIFIC TRADING INTERNATIONAL, LLC, and ELITE TRADING INTERNATIONAL, LLC.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, GRANTING DEFENDANT HOPKINSON'S MOTION TO SET ASIDE DEFAULT, AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br><br>Case No. 2:06-CV-636 TS |

This matter is before the Court for consideration of all pending motions.

A Default Certificate for defendant Rick Hopkinson (Hopkinson) was entered on August 25, 2006. On September 13, 2006, Plaintiff moved for a default judgment as to Hopkinson. On September 27, 2006, Hopkinson filed an Answer and an Opposition to the

1

Motion for a Default Judgment. On November 2, 2006, Hopkinson filed his Motion to Set Aside the Default Certificate. Plaintiff has not opposed the Motion to Set Aside the Default. Plaintiff seeks leave to file an amended complaint. Hopkinson has not opposed the Motion for Leave to File an Amended Complaint.

The Court may set aside a default for "good cause shown."[1] The standard for setting aside a default was explained in the unpublished Tenth Circuit case *Hunt v. Ford Motor Co.*: "The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."[2]

Hopkinson submits his affidavit stating that he failed to respond to the Complaint due to the distractions of caring for a family member with a medical condition. He further alleges a meritorious defense. The Court finds that there would be no prejudice to Plaintiff if the default were to be set aside. It is early in the case and there has only been a short delay. The Court finds that Hopkinson has shown good cause to set aside the default and will grant the Motion to Set Aside the Default.

Leave to amend a party's complaint "shall be freely given when justice so requires."[3] The Motion for leave to file the amended complaint is filed before discovery has begun.

---

[1] Fed. R. Civ. P. 55(c).

[2] 1995 WL 52646 *3 (10th Cir. 1995).

[3] Fed. R. Civ. P. 15(a).

The Court finds that justice requires that leave to amend be granted.

Based upon the foregoing it is therefore

ORDERED that Plaintiff's Motion for Entry of Default Judgment (Docket No. 5) is DENIED. It is further

ORDERED that defendant Rick Hopkinson's Motion to Set Aside Default (Docket No. 12) is GRANTED, and the Default Certificate entered herein on August 25, 2006,[4] is VACATED. It is further

ORDERED that Plaintiff's Motion for Leave to Amend Complaint (Docket No. 10) is GRANTED and Plaintiff shall file its Amended Complaint within ten days of the entry of this Order.

DATED  December 4, 2006.

                                                      BY THE COURT:

                                                      _____
                                                      TED STEWART
                                                      United States District Judge

---

[4] Docket No. 3.