IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GREEN OAK HEDGE FUND,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>RICK HOPKINSON; APRIL HANNI, E-CENTURION INC.; PACIFIC TRADING INTERNATIONAL, LLC; ELITE TRADING INTERNATIONAL, LLC; MELISSA GILLES; JOHN GILLES; CENTURION HOLDING INVESTMENTS, INC.; AND SIMON HOYLE<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM<br><br><br><br><br><br>Case No. 2:06-CV-636 TS |

This matter is before the Court on Defendants April Hanni's, Simon Hoyle's and E-Centurion Inc.'s 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted.[1]

I. INTRODUCTION

The following facts are accepted as true for the purposes of this motion. Plaintiff, Green

---

[1] Docket No. 32.

Oak, is a hedge fund located in Boca Raton, Florida. Plaintiff had discussions with Defendants Melissa and John Gilles before November 1, 2005, regarding the amount of money to be made importing/exporting CPUs and mobile telephones. The Gilles then put Plaintiff in direct contact with Defendant Hopkinson. During subsequent correspondence Plaintiff agreed to do business with Hopkinson and Hopkinson personally guaranteed Plaintiff a monthly increase of two to four percent on their investment. Plaintiff began trading with Hopkinson around November 1, 2005, and timely received its first money owed. Plaintiff made another trade with Hopkinson around November 7, 2005, but never received its promised profit. Plaintiff was informed by the Gilles that boxes containing SL7Z9 computer processors were stuck in Belgian customs. Plaintiff alleges this did not actually occur, but instead the boxes were shipped to an unknown buyer and that Defendants received payment. During the November 7, 2005 trade, Defendant E-Centurion pre-paid a portion owed to Plaintiff, but failed to pay the remainder. In December 2005, Hopkinson approached Plaintiff to invest in another matter, upon which they agreed, and Hopkinson earned over $1,000,000.

Plaintiff alleges Hopkinson eventually formed a "scheme" to transfer money to Plaintiff in order for Plaintiff to transfer the money to other companies in an effort to pay off debt and restart their trading, which they had ceased, due to the outstanding balance owed.

Plaintiff filed this action alleging breach of contract, fraud, civil conspiracy, pierce of corporate veil, unjust enrichment and Civil RICO violations.[2] Defendants Hanni and Hoyle move

---

[2] It appears from the First Amended Complaint (Docket No. 15) that the stated claims are against all named Defendants, except for the claim to pierce the corporate veil which appears to be brought only against Hopkinson, E-Centurion, Pacific Trading, Elite, and Centurion Holding.

to dismiss the breach of contract claim in addition to the other claims alleged against them under Fed. R. Civ. P. Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Defendant E-Centurion also moves to dismiss the fraud and civil conspiracy claims under Rule 12(b)(6).

## II. DISCUSSION

In considering a Motion to Dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the Plaintiff as the nonmoving party.[3] But, the court "need not accept conclusory allegations without supporting factual averments."[4] A Rule 12(b)(6) Motion to Dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling it to relief under its theory of recovery.[5] "The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]

Defendants Hanni and Hoyle argue that Plaintiff has failed to plead any facts against them leading to any valid cause of action, and Defendant E-Centurion argues that Plaintiff has failed to adequately plead causes of action for fraud or civil conspiracy.

---

[3] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).
[4] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).
[5] *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).
[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

### A. Failure to Plead a Valid Cause of Action

Although all pleadings must be construed liberally,[7] and in the light most favorable to the plaintiff,[8] "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based[9] . . . conclusory allegations without supporting factual averment are insufficient to state a claim on which relief can be based."[10]

1. Failure to State any Claim Upon Which Relief can be Granted

Defendants Hanni and Hoyle argue that Plaintiff has not alleged specific facts or any facts amounting to the elements of breach of contract or any other alleged claim. Plaintiff responds that under the liberal notice pleading rules, its only requirement is to put Defendants on sufficient notice of the claims against them. Plaintiff correctly points out that discovery had not commenced at the time the First Amended Complaint was submitted and argues for pre-trial discovery in order to investigate any evidence which would support and specify its allegations.

Both parties agree that a complaint must, at a minimum, state the parties' role in the cause of action.[11] In particular, the prima facie elements for a breach of contract claim are "(1) a contract, (2) performance by the party seeking recovery, (3) breach of contract by the other party, and (4) damages."[12] Plaintiff's First Amended Complaint, states "[o]n information and belief, Defendant

---

[7] Fed. R. Civ. P. 8(a).
[8] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).
[9] *Id*. at 1110.
[10] *Id*. (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).
[11] *Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991).
[12] *Bair v. Axion Design, L.L.C.*, 2001 UT 20, 20 P.3d 388, 392.

4

Simon Hoyle was aware of Hopkinson's claims and supported Hopkinson in these assertions and actions."[13] This is the only place Defendant Hoyle's name is mentioned in the First Amended Complaint. Plaintiff never states a contract existed between it and Hanni or Hoyle, nor does it refer to the subject matter of any contract. Furthermore, no contracts were attached to the First Amended Complaint. The sole allegation that Hoyle supported statements made by Hopkinson, does not state a valid claim for which relief can be granted.

Moreover, Defendant Hanni's name is not specifically mentioned in the First Amended Complaint, with the exception that her name appears in the section entitled "Parties" where the Plaintiff states she resides in the State of Utah.[14]

Plaintiff does not address either Hoyle's or Hanni's role in the current cause of action, nor does it sufficiently put these Defendants on notice of the substance of any claim against them. Therefore, the Court finds Plaintiff has failed to state a valid claim or cause of action against both Defendants Hanni and Hoyle.

> 2. Failure to State a Claim Upon Which Relief can be Granted for Fraud/Civil Conspiracy

Defendant E-Centurion argues that Plaintiff has not alleged specific facts or any facts amounting to a claim for fraud or civil conspiracy. Additionally, E-Centurion argues Plaintiff has not plead fraud with particularity.

When fraud is alleged in a claim it must be plead with particularity.[15] Although Plaintiffs

---

[13] Docket No. 15, at 3.
[14] *Id*. at 2.
[15] *Lochhead v. Alacano*, 662 F. Supp. 230, 234 (D. Utah 1987); Fed. R. Civ. P. 9(b).

are required to identify specific facts in their Complaint to support any fraudulent allegations,[16] "plaintiffs need only plead with particularity sufficient facts to support their beliefs."[17] Courts have held that a minimum of "who, what, when, where and how" must be stated in a action alleging fraud.[18] Additionally, courts are directed to look at "the totality of the pleadings"[19] to determine whether the plaintiff has stated an actionable claim.

Therefore in order to successfully plead a claim for fraud, Plaintiff must allege that E-Centurion (1) made a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representer either (a) knew to be false, or (b) made recklessly, knowing that he had sufficient knowledge on which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury or damage.[20]

In its factual allegations Plaintiff states: (1) that E-Centurion prepaid Plaintiff, leaving Plaintiff with an amount owed; (2) Hopkinson came up with a scheme to transfer debt from E-Centurion to make Plaintiff whole; (3) Hopkinson was going to wire money from E-Centurion; (4) E-Centurion made three payments, each were subsequently transferred by Plaintiff.[21] Although Plaintiff does state who, they do not state what, when, where, or how E-Centurion was involved with Hopkinson's alleged scheme. Plaintiff does not point to anything specific in their transactions with

---

[16] *In re Nature's Sunshine Products Sec. Litig.*, No. 2:06-CV-267, 2007 WL 1462436 at *4 (D. Utah May 21, 2007).
[17] *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1095 (10th Cir. 2003).
[18] *Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).
[19] *Adams*, 340 F.3d at 1092.
[20] *Secor v Knight*, 716 P.2d 790, 794 (Utah 1986).
[21] Docket No. 15, at 5-6.

E-Centurion, nor do they specify any facts leading them to "believe" E-Centurion has committed any of the acts alleged. In its memorandum, Plaintiff cites to *Schoonover v. Schoonover*[22], as a case where the complaint was "not clearly or artistically drawn… [but]…fairly interpreted, the gist of the cause of action stated therein is that fraud complained of induced appellant to agree"[23] *Schoonover* can be distinguished because the plaintiff in that case pointed to at least a few specific misrepresentations, unlike the case at bar where Plaintiff specifies nothing. Plaintiff has not plead the required elements of fraud as to E-Centurion, much less plead fraud with particularity.

In its Amended Complaint Plaintiff fails to mention E-Centurion, in the civil conspiracy count, nor does it allege what the civil conspiracy entailed. The elements of civil conspiracy are "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme."[24] Plaintiff does not specify any agreement, lawful or otherwise between E-Centurion and other Defendants. Moreover, Plaintiff does not specify nor allege any unlawful activity. In particular, Plaintiff mentions one scheme only and specifies that it was created and implemented by Hopkinson. At most, it appears that E-Centurion was a subject in Hopkinson's scheme; an allegation insufficient to state a claim. In short, Plaintiff has not stated a valid claim for civil conspiracy against E-Centurion.

Due to the Federal Rules' strong presumption against rejecting pleadings for failure to state

---

[22] 172 F.2d 526 (10th Cir. 1949).
[23] *Id*. at 530.
[24] *Boisjoly v. Morton Thiokol, Inc.*, 706 F.Supp 795, 802 (D. Utah 1988) (quoting *Halberstam v. Welch*, 705 F.2d 472 (D.C.Cir. 1983)).

a claim,[25] courts generally allow a Plaintiff an opportunity to amend before dismissal.[26]  However, "once the movant points out an absence of proof on an essential element of the nonmovant's case, the burden shifts to the nonmovant to provide evidence to the contrary."[27]  After notice of this motion, Plaintiff continued to assert that language such as "[o]n information and belief; all Defendants individually and collectively were aware of the activity and engaged in actions either directly or indirectly"[28] sufficiently satisfies its burden.  Neither the Amended Complaint, nor the Memorandum of Law in Opposition to Motion to Dismiss specify how Defendants were made aware of any conduct, nor any specific correspondence between the motioning Defendants and Hopkinson. Once given notice of this Motion, Plaintiff has still not attempted to plead evidence more specifically.  Therefore, the Court finds leave to amend is not appropriate here.

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendants' Rule 12(b)(6) Motion to Dismiss (Docket No. 32) is GRANTED.  It is further

ORDERED that all claims as to April Hanni and Simon Hoyle are DISMISSED with prejudice.  It is further

---

[25] *Morgan v. Rowlins*, 792 F.2d 795, 978 (10th Cir. 1986).
[26] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).
[27] *Id*. at 1111.
[28] Docket No. 15, at 5.

ORDERED that the fraud and civil conspiracy claims as to E-Centurion are DISMISSED with prejudice.

DATED this 9th day of July 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge