IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GREEN OAK HEDGE FUND, LTD., d/b/a GREEN OAK TRADING COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>RICK HOPKINSON, et al.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART, PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT HOPKINSON<br><br><br>Case No. 2:06-CV-636 TS |

Plaintiff moves for partial summary judgment against defendant Rick Hopkinson on its claims for breach of an oral contract and fraud. Defendant Hopkinson has not responded.

"Summary judgment is only appropriate if the evidence shows that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"[1]

---

[1] *Union Telephone Co. v. Qwest Corp.*, __ F.3d __, 2007 WL 2153231, *2 (10th Cir. 2007 (quoting Fed. R. Civ. P. 56(c)).

1

> [T]he burden on the nonmovant to respond arises only if the summary judgment motion is properly "supported" as required by Rule 56(c). Accordingly, summary judgment is "appropriate" under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the evidence produced in support of the summary judgment motion does not meet this burden, "summary judgment must be denied even if no opposing evidentiary matter is presented." If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate, for "[n]o defense to an insufficient showing is required."[2]
>
> By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted *and properly supported* in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.[3]

Turning to Plaintiff's claim against Hopkinson for breach of an oral contract, the "elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of contract by the other party, and (4) damages."[4] "Breach of contract damages seek to place the aggrieved party in the same economic position the party would have been in if the contract was not breached."[5]

---

[2]*Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, (1986), Fed. R. Civ. P. 56(e), and *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970)).

[3]*Id.* (emphasis added).

[4]*Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 14, 20 P.3d 388.

[5]*Eleopulos v. McFarland and Hullinger, LLC*, 145 P.3d 1157, 1159 (Utah App. 2006).

In support of its claims, Plaintiff submits the Affidavit of Mark Colodne[6] for Plaintiff who states that (1) Plaintiff had an agreement with Hopkinson that Plaintiff would invest money with Hopkinson and receive a 4% return; (2) that Plaintiff invested money with Hopkinson in November 2005; and (3) Hopkinson failed to repay the money or to pay the 4% return; and (5) Plaintiff incurred damages in the amount of $816,952.50.  Plaintiff also seeks prejudgment interest on that amount from the date of the breach, but does not provide the date of the breach.

The Court finds that Plaintiff has met its initial burden on summary judgment of showing that judgment on the claim against Hopkinson for breach of oral contract is appropriate.  However, as to prejudgment interest, the record does not reflect the necessary date and the date from which prejudgment interest should be run will be reserved.

As to the fraud claim, the elements of fraud are "(1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage.[7]

---

[6] Docket No. 54, Ex. C.

[7] *Armed Forces Ins. Exchange v. Harrison,* 70 P.3d 35, 40 (Utah 2003) (quoting *Gold Standard, Inc. v. Getty Oil Co.*, 915 P.2d 1060, 1066-67 (Utah 1996) (other

By the Colodne Affidavit, Plaintiff establishes (1) Hopkinson made multiple representations, before and after this action was filed that (a) the dispute over repayment would be resolved; and (b) the reason that Plaintiff had not been paid was the seizure of certain goods by a foreign government; (2) the representation regarding the seizure was false; and (3) Hopkinson made the misrepresentations for the purpose of inducing Plaintiff not to act and to be severely harmed.

Plaintiff has not met its burden on the elements of showing in what way it relied upon either Hopkinson's representations that he would repay the debt or his representation that the goods had been seized because Plaintiff's investment was made before these representations regarding the disputed repayment. A promise to pay an overdue amount is not fraud unless the promisee was cheated or adversely affected by the action.[8] Similarly, Plaintiff has not met its burden of showing in what manner the representations induced it to act (or to forbear action) to its injury. Instead, Plaintiff shows that it filed this action and made a criminal complaint to the FBI.[9] There is no showing of any action or forebearance by Plaintiff to its detriment in reliance on the representations.

---

citations omitted).

[8] *See Howells, Inc. v. Nelson* 565 P.2d 1147, 1149 (Utah 1977) (holding that Plaintiff was not defrauded by the giving of a check on a past due account because "he was not induced to give anything of value, nor was it in any way cheated or adversely affected by the giving of the check.").

[9] Ex. C., Colodne Aff. at § 10 (stating that after this action was filed Plaintiff contacted the FBI, which has begun a criminal investigation).

It is therefore

ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 53) is GRANTED in part as to the breach of contract claim against Defendant Rick Hopkinson. It is further

ORDERED that Plaintiff's Motion for Partial Summary Judgement (Docket No. 53) is DENIED as to the fraud claim against Defendant Rick Hopkinson.

DATED  August 7, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge